### 8356

### STATE v. BOOKTER.

1. EVIDENCE.—Where incompetent testimony is admitted without objection, other testimony of like character from the same or another witness, though admitted against timely objection, cannot avail as a ground of reversible error.
2. HIGHWAYS—ROADS.—The portion of the charge here complained of, when construed in its immediate connections, held not to be misleading, and the jury understood the Court to mean that if the public had acquired a prescriptive right to use the road, this right could not be affected by some member of the public thereafter getting permission to use it, which is correct.

Before WILSON, J., Richland, September, 1911. Affirmed.

Indictment against Edwin F. Bookter for obstructing a public road. Defendant appeals.

*Messrs. Weston & Aycock* for appellant.

*Solicitor W. Hampton Cobb* and *Messrs. Nelson, Nelson & Gettys,* contra.

*Messrs. Nelson, Nelson & Gettys* cite: *Evidence not objected to or not moved to strike out not erroneously*

*admitted:* 37 S. C. 145; 68 S. C. 421; 72 S. C. 216; 76 S. C. 284. *Evidence must be shown to be prejudicial:* 63 S. C. 539; 72 S. C. 350; 76 S. C. 275. *Admission of evidence to same effect without objection relieves of error:* 78 S. C. 143.

October 30, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Defendant appeals from sentence upon conviction of obstructing a neighborhood road. The testimony was conflicting as to whether the use of the road by the public was adverse or permissive.

During the examination of one of the State's witnesses, the trial Judge asked him this question: "Was .it used as a public neighberhood road?" Without conceding that the question was improper or objectionable, it cannot avail appellant, because the same witness and others, both for the State and defense, answered questions of similar import without objection. The rule adopted by this Court is that where incompetent testimony upon a point is admitted without objection, other testimony of like character, from the same or another witness, though admitted against timely objection, cannot avail as ground for a new trial. *Young* v. *McNeill,* 78 S. C. 143, 59 S. E. 986; *State* v. *Harmon,* 79 S. C. 70, 60 S. E. 230. Upon examination of the record, we are satisfied that defendant was not prejudiced by the question complained of, or the answer thereto.

The Court charged that "permissive use must be before the lapse of twenty years and not after. If a man used it for twenty years and on the twenty-first year a party goes in there, and gets permission to use it, the right has already accrued after the lapse of the first twenty years."

Appellant contends that this instruction excluded from the consideration of the jury the effect that evidence of per-

missive use after the lapse of twenty years might have had on them in deciding whether the use previous thereto was adverse or permissive.

Considering the instruction in the immediate connection in which it was given, and in connection with the whole charge, we are satisfied it was not misleading, and that the jury understood the Court to mean only that, if the public had acquired a prescriptive right to use the road, the right so acquired could not be affected by some members of the public thereafter getting permission to use it, and that was clearly correct.

Affirmed.

MR. JUSTICE FRASER *disqualified.*